IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                Case No. 3:08CR304

         Plaintiff

v.                                                            ORDER

Edmudo Ruiz, Jr., et al.,

         Defendant

       This is a criminal case in which the government has filed motion requesting that its attorneys and agents be barred from obtaining and using recordings of telephone conversations between defendants in this case detained in the Lucas County Jail and persons outside the jail. [Doc. 4]. That motion shall be granted.

       According to the government's motion, it has become aware that the Lucas County Sheriff's Department has recently installed a computerized system that automatically records all telephone conversations between inmates in the Lucas County jail and persons outside the jail – potentially including conversations between inmates and their counsel.[1] In view of the potential impact on the right to counsel, if recording of attorney-client conversations is occurring, the government has

---

[1] One hopes that attorney-client communications have not been intercepted. But the mere filing of the government's motion suggests that it does not know; in any event, it quite properly and commendably has filed its motion.

instructed federal law enforcement agencies working on investigations in this Division, that, pending further inquiry by this Court, their agents are not to obtain, directly or indirectly, or use any recordings obtained through the Lucas County Jail telephone monitoring system.

While there can be no doubt that law enforcement authorities generally can lawfully monitor telephone conversations between persons confined in a jail or prison, and that such monitoring violates neither the Fourth Amendment nor Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.*, *see generally,* Carr & Bellia, *The Law of Electronic Surveillance* § 3.4, such monitoring, if it involves interception of attorney-client communications, raises substantial Sixth Amendment issues. *See generally id.*, § 5.7.

To the extent that the Lucas County Sheriff's Department does not provide the opportunity for unmonitored telephonic communication between inmates, monitoring of such communications raises serious Sixth Amendment concerns. Those concerns are particularly acute, as the government points out, were monitoring of attorney-client communications occurs while an inmate is awaiting trial.

Pending further proceedings and inquiry into the extent to which monitoring of the defendants in this case, and, as well, of other federal defendants detained in the Lucas County Jail may or has intercepted communications between such defendants and their counsel, it is hereby

ORDERED THAT, pending further proceedings:

1. Attorneys, agents and other representatives of the United States be, and they hereby are enjoined from soliciting, receiving, distributing, or using recordings or information derived from recordings produced through monitoring of telephonic communications of defendants in federal detention in custody of the Lucas County Sheriff's Department;

2. The United States Attorney's Office shall undertake to cause the Lucas County Sheriff's Department forthwith to submit copies of all intercepted communications involving persons in federal detention in the custody of the Lucas County Sheriff to the Clerk of the United States District Court, *ex parte* and under seal, for such further inspection *in camera* as may be appropriate; and

3. Counsel for the government shall procure and submit copies of all protocols and regulations adopted by the Lucas County Sheriff's Department relating to such monitoring, and shall appear before the undersigned on August 26, 2008, at 11:30 a.m., at which time counsel for the government shall advise the Court and counsel for the defendants as to his understanding of the extent to which monitoring of federal detainees' calls may or has encompassed interception of communications between such detainees and their counsel. So ordered.

s/James G. Carr
James G. Carr
Chief Judge
