**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,                        Case No. 3:08CR304

            Plaintiff

v.                                                         **ORDER**

Raudell Rodriguez-Gonzales,

            Defendant

       This is a criminal case in which the defendant, following his offer and my acceptance of his guilty plea, has filed a *pro se* motion to withdraw his plea. (Doc. 499). Counsel has been appointed and he adopts the defendant's motion.

       I have preciously rejected an earlier such motion that successor counsel had filed on the defendant's behalf. (453).

       The government opposes the pending motion. For the reasons that follow, I deny the motion.

       The defendant claims that his plea was not knowing or voluntary and his previous counsel was ineffective. He asserts seventeen items in support of his claim to entitlement to withdraw his plea.

       First, defendant asserts his first attorney, Adrian Cimmerman, instructed him to plead guilty and tell the Magistrate Judge he understood his plea agreement and the charges. If he did not, he

claims, Cimmerman told him he would face life imprisonment. As a result, defendant claims his plea was neither knowing nor voluntary.

This claim is not supported by the record. The plea hearing was thorough and detailed. The Magistrate Judge confirmed the defendant's understanding of the charges, consequences, waiver of rights, and plea agreement.

When the Magistrate Judge expressly asked the defendant if anyone threatened or coerced him, he said no one had. In light of the defendant's responses to her careful questioning, the Magistrate Judge concluded his plea was voluntary.

Either the defendant lied when he was under oath before the Magistrate Judge, or he is lying now about Cimmerman's "threats." More importantly, as the government's response represents, he faced the prospect of a second career offender enhancement – so the risk of a life sentence without parole was real, not chimerical. By pleading guilty, the defendant obtained a major concession.

To the extent that he has attempted to meet his burden of proving that no such enhancement and resulting outcome were possible, he has failed to do so. His assessment and calculation are based on speculation. That cannot suffice in light of the government's straightforward assertion that, in effect, it had the enhancement in its pocket.[1]

Defendant also claims that but for counsel's overall ineffectiveness, he would not have pled guilty and gone to trial. This conclusory contention runs directly against his sworn acknowledgment during the plea hearing that he was satisfied with Cimmerman.

---

[1] Indeed, were the defendant to get what he wants – vacation of his plea and a trial – the government no doubt would tag him with the enhancement. Thereby, it would put him directly at risk of a mandatory life sentence in the event of conviction.

Defendant next argues his lawyer failed to file a timely motion to withdraw. This claim is precluded by my ruling on defendant's original motion to withdraw. I there held that defendant failed to convince me Cimmerman had overlooked anything or failed to raise a defense on the defendant's behalf. (Doc. 453, at 3).

Defendant, again in contravention of his sworn testimony during the plea colloquy, claims the Cimmerman failed to undertake an adequate investigation as to the charges and his criminal history, and failed to tell him how the guidelines and enhancements functioned.

In support, the defendant, with a prior history of drug dealing and admission that he was a primary supplier to the his co-conspirators, claims not to have known the difference between grams and kilograms. This is like a grocery store cashier not knowing the difference between a one-dollar and a thousand-dollar bill: simply implausible.

With regard to his claim that Cimmerman did not explain the guidelines, the defendant stood mutely by as Cimmerman told the Magistrate Judge that he had discussed the maximum sentence, including the effect of enhancements, with the defendant. The defendant remained silent when Cimmerman told the Magistrate Judge that he had no doubt the defendant knew what the sentencing options were.

More than that, the defendant, on being asked if he agreed with what Cimmerman had said, acknowledged that he agreed with the plea agreement. When asked directly, "And it is your opinion that [the prosecutor] has accurately summarized the terms of the plea agreement?", the defendant said, "Yes, ma'am."

I find, accordingly, absolutely no basis in the present record to have any doubt that the defendant knowingly, intelligently, and voluntarily entered his plea agreement.

Defendant next claims he did not make an informed decision about waiving his rights to trial and appeal. The plea hearing record trumps this conclusory, self-serving claim. The Magistrate Judge asked whether Defendant understood that by entering a plea he would be waiving his rights. Cimerman indicated that Defendant understood the waiver. Again, the defendant stood silently by.

On the basis of the present record, there is nothing that undercuts Cimmerman's assertion or the defendant's implicit adoption of it.

Defendant also contends he needs a hearing to develop the record with respect to his counsel's quality of representation and show that had Cimmerman made reasonable examination of the facts and circumstances, he would not have advised defendant to plead guilty. Contrary to this *post hoc* contention, the defendant acknowledged under oath that his attorney had spent ample time with him and his satisfaction with Cimmerman's performance.

Defendant then claims the AUSA misrepresented the government's case against him. He offers nothing to support this contention. His present claim stands in stark, unsupported contradiction of his acknowledgment of the factual basis as laid out at the hearing.

Defendant next argues Cimmerman and the court failed to explain what an "overt act" was and thus his plea was not knowing and voluntary. There was nothing deficient, as the court referenced the actual underlying acts . Defendant expressly acknowledged understanding the charges.

Defendant further claims a failure to object to critical errors in the Pre-Sentence Report. Pre-sentencing objections to the PSR have nothing to do with an effort with withdraw a guilty plea.

Finally, my ruling on defendant's first plea withdrawal motion precludes his present claim that he insisted on his innocence and desire for trial to both Cimmerman and successor counsel .

**Discussion**

Pleas of guilty are a serious business. Once accepted, they cannot be undone on the defendant's simple – or even, as in this instance, not so simple – say so. Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure permits post-acceptance withdrawal of a guilty plea only when the defendant can establish a "fair and just reason" to so. This safety valve rule allows a "hastily entered plea made with unsure heart and confused mind to be undone . . . ." *U.S. v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). It does not, however, "allow defendant to make a tactical decision to enter a plea, wait several weeks and then obtain a withdrawal if he believes he made a bad choice in pleading." *Id.* at 281.

A court considers seven factors in assessing a post-acceptance motion to withdraw a plea.

1. The amount of time between plea and motion to withdraw

2. The presence (or absence) of a valid reason for the failure to move for withdrawal earlier

3. Consistency of assertion of innocence;

4. Circumstances underlying the entry of the guilty plea;

5. The defendant's nature and background;

6. The degree to which the defendant has had prior experience with the criminal justice system; and

7. Potential prejudice to the government if the court grants the motion to withdraw

*U.S. v. Wynn*, 663 F.3d 847, 849-50 (6th Cir. 2011) (quoting *U.S. v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)).

5

No elaborate analysis is necessary: every one of the factors supports summary rejection of the defendant's motion. He pled guilty more than two years ago; he has offered no valid, supported reason for withdrawal; his claims of innocence are inconsistent with his plea and acknowledgment of the factual basis (as to which he offers no contrary evidence); the circumstances underlying the plea fully support its validity; the defendant is a multiply convicted drug dealer with more than a working of or novice's familiarity with the criminal justice system; ;and the potential prejudice years after trial would have occurred is manifest and indisputable.

In any event, in light of the paucity of supporting evidence in the present record, this case is a classic candidate for a § 2255 post-conviction petition – which is the Sixth Circuit's repeatedly endorsed preferred route to the relief the defendant seeks. *See, e.g., U.S. v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005). This is certainly a better way to go where, as here, a defendant simply seeks to repudiate the record at the plea hearing, acknowledges, in effect, that he lied under oath at that hearing, and offers nothing except conclusory calumnies against his lawyers.

## Conclusion

There no merit whatsoever to the defendant's present claims of ineffective assistance of counsel. It is, accordingly,

ORDERED THAT the defendant's motion to withdraw his plea of guilty (Doc. 499) be, and the same hereby is overruled.

The Clerk shall forthwith set this case for sentencing.

So ordered.

/s/ James G. Carr
Sr. United States District Judge