# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Raudell Rodriguez-Gonzales,          Case No. 3:08CR304-4

    Petitioner-Defendant,

    v.          ORDER

United States of America,

    Respondent-Plaintiff.

This is a post-conviction petition under 28 U.S.C. § 2255. The defendant petitioner, Raudell Rodriguez-Gonzales, pled guilty pursuant to a plea agreement. Due, *inter alia*, to the amount of drugs involved (which amount he admitted in the plea agreement and at his plea hearing), he received a twenty-year mandatory minimum sentence, although his Guideline range was higher.

He appealed unsuccessfully. He now claims his trial attorney, Adrian Cimerman, Esq., failed to represent him adequately, and that such failure deprived him of his constitutional right to counsel.

On initial review, I appointed counsel to represent the petitioner, and his attorney has filed an amended petition.

The amended petition asserts six claims of constitutionally ineffective assistance of counsel on the part of his former trial counsel, Adrian Cimerman, and his counsel, Martin McManus, Esq., on direct appeal:

    1.     Cimerman failed to advise him of his potential deportation following conviction, rendering his plea involuntary;

2. Cimerman failed to object to the allegedly untimely filing by the government of its 21 U.S.C. § 851(a) information re. sentencing enhancement based on a prior felony drug conviction;

3. Cimerman failed to review the discovery materials with him, preventing him from making an informed decision on whether to plead guilty or insist on going to trial;

4. Cimerman, though, according to petitioner, the government could not prove the drug quantity referenced in the plea agreement (1,000 kilograms, resulting in a mandatory minimum 240 month term), failed to discuss adequately the underlying facts supporting his agreement to that stated amount;

5. Counsel failed to advise petitioner of the significance of 1,000 kilograms of marijuana; and

6. McManus was ineffective for failing to present on direct appeal claims that Cimerman was constitutionally ineffective.

In response, the government has submitted Cimerman's affidavit. Cimerman notes he has not had access to his file, and, furthermore, he has no independent recollection about his representation of petitioner. However, he also asserts, even prior to *Padilla v. Kentucky*, 559 U.S. 356 (2010), he customarily discussed with his clients:

- the government's case and reviewed the government's discovery with the client;

- the options of entering a plea agreement with the government, versus going to trial and the possible outcomes, including any potential sentence;

- the meaning of 21 U.S.C. § 851 sentencing enhancement information;

- the deportation consequences of an alien defendant's guilty plea, particularly in the context of a mitigating factor by advocating for a downward departure at sentencing;

- the contents of any plea agreement to his client.

Cimerman further affirms he knew petitioner had been removed to Mexico in the past.

On review, it appears I must conduct an evidentiary hearing as to the disputes the conflicting contentions of petitioner and Cimerman create. *See Pola v. U.S.*, 778 F.3d 525, 532 (6th Cir. 2015) ("If a habeas petitioner presents a factual dispute, then the habeas court must hold an evidentiary

hearing to determine the truth of petitioner's claims.") (internal quotation marks omitted). An "evidentiary hearing is mandatory" because the record now before me does not "conclusively show[] the petitioner is entitled to no relief." *Id.*

That being so, it is hereby

ORDERED THAT:

1. The Clerk shall forthwith schedule a status/scheduling conference to determine a timetable and set a date for the evidentiary hearing; and

2. Further proceedings held in abeyance pending the evidentiary hearing.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge