IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                    Case No. 3:08CR304
                                                                          (3:14CV238)
    Plaintiff/Respondent,

    v.                                                        **ORDER**

Raudell Rodriguez-Gonzales,

    Defendant/Petitioner,

    Defendant/Petitioner, having twice previously been convicted of felony drug offenses, pleaded guilty to drug charges. After doing so, he moved for appointment of new counsel to replace the attorney, Adrian Cimerman, who had represented him before and at the plea hearing. A second, and then, again on defendant's motion, a third attorney was appointed. That attorney represented him at his sentencing on June 5, 2012. In the interim, defendant had twice filed motions to withdraw his guilty plea.

    The defendant's base offense level was 34 and his criminal history was VI, resulting in a Guideline range of 262 to 327 months. I varied downward to the minimum mandatory term of 240 months.

    Pending is defendant's petition under 28 U.S.C. § 2255. After dismissing some of his claims, I appointed counsel to represent him with regard to his remaining claim: ineffective assistance on Mr. Cimerman's part for failing to notify the defendant that, on release from prison, he would be deported. I held an evidentiary hearing on that claim and the parties have filed post-hearing briefs.

    For the following reasons, I find the defendant's contention without merit.

**Discussion**

In essence, the defendant contends that he was unaware of that consequence and he was entitled under *Padilla v. Kentucky*, 559 U.S. 356 (2010), decided after his plea and sentencing, to be so informed.

I find, based on Cimerman's testimony at the evidentiary hearing, that it was his customary practice, even before *Padilla*, to tell clients subject to deportation that deportation would occur. To be sure, and not surprisingly, Cimerman could not, after all these years, recall specifically telling the defendant that he would be deported. But he testified, as noted, about his custom of doing so before the Supreme Court made such information mandatory prior to a plea.

The record also shows that the defendant was also directly informed about that collateral consequence: the court told him so at arraignment and the Probation Office did likewise in the presentence report. Sentencing counsel affirmed that he had reviewed the report with the defendant, who, for his part, expressed no concern or objection.

Moreover, he had previously been deported following one of his felony convictions. To be sure, in the interim between that deportation and his prosecution in this case, he had been convicted of another felony, but deportation had not followed. Instead of being reassuring, that fact should, on its own, have prompted him – if that issue were so important – to inquire of Cimerman as to whether deportation after this conviction was likely.

I find, accordingly, that Cimerman did not fail to provide effective assistance of counsel prior to defendant's plea. As a result of being notified at arraignment, by Cimmerman before his plea, and in the presentence report, the defendant was, I find, well aware that deportation would occur.

In any event, there is no likelihood of prejudice: any suggestion that defendant would not have pleaded guilty, given the prospect of a mandatory life sentence if he stood trial and were convicted, is simply not plausible.

### Conclusion

The applicable legal standard is clear: for relief on the basis of constitutionally ineffective assistance of counsel, the defendant must prove both inadequate performance and resultant prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). No elaboration is needed to apply that standard.

This opinion is deliberately brief and to the only point that matters: namely, that there is no merit whatsoever to defendant's claim that he did not know about his deportation following conviction and release from prison.

It is, therefore,

ORDERED THAT: defendant's petition for relief under 18 U.S.C. § 2255 be, and the same hereby is, denied.

An appeal from this decision could not be taken in good faith, as jurists of reason could not reach a different conclusion. Accordingly, no certificate of appealability shall issue, and no appeal shall be allowed without prepayment of the requisite filing fee.

The Court acknowledges the diligent representation provided to the defendant by appointed counsel.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge